IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| AMY BRIGHT<br>9252 KNOWLTON RD.<br>GARRETSVILLE, OH 44231<br><br>    Plaintiff,<br><br>vs.<br><br>WINKING LIZARD, INC<br>25380 MILES ROAD<br>BEDFORD HTS, OH 44146<br><br>    Defendants. | CASE NO.<br><br>JUDGE:<br><br>COMPLAINT<br>(Jury demand endorsed herein) |

## PARTIES AND VENUE

1. Plaintiff, Amy Bright ("hereinafter referred to as Plaintiff or Bright") is a citizen of the United States and lives in Summit County, Ohio. She was born on 7/2/67.

2. Ms. Bright is an "employee" within the meaning of 29 U.S.C. §630(f) (ADEA).

3. Defendant, Winking Lizard, Inc.("hereinafter referred to as Defendant or Lizard") is an Ohio Corporation with its principal place of business in Cuyahoga, County.

4. Defendant is an employer as defined in 29 U.S.C §630(b).

5. Plaintiff brings this action under 29 U.S.C §626 (c) for age discrimination. This Court therefore has jurisdiction over this cause under 29 U.S.C § 626 (b) and 28 U.S.C. § 1331.

6. Defendant is a restaurant and sports bar currently operating twenty (20) locations in northeast and central, Ohio.

7. Until her termination, Plaintiff was employed as a bartender for the Defendant for 16 years prior to her termination.

## FACTS

8. Plaintiff incorporates by reference her previous allegations as if fully re-alleged herein.

9. At all times relevant hereto, Plaintiff was over the age of forty (40).

10. During her tenure with Defendant she had continuously met or exceeded the expectation of the Defendant on her yearly reviews.

11. In or around the middle to end of 2013, the restaurant she was working at was remodeled.

12. After the completion of the remodeling phase new employees were hired and new managers were brought in.

13. Plaintiff was told by her floor ledger at that time that new employees were much younger than them and that they better watch their backs.

14. In or around January, 2014, the Plaintiff began to receive discipline for not completing her job tasks, tardiness, cash drawer shortages and not performing her job duties properly.

15. Other employees who were not over the age of 40 were treated differently and did not receive write ups for the issues that Plaintiff did.

16. Ultimately, Plaintiff who was not the only individual who was utilizing her cash register was suspended without pay for (3) three days for having a cash shortage.

17. The other employee, who was utilizing the cash register with Plaintiff and who was under the age of 40 was not disciplined.

18. When Plaintiff returned to work after her suspension, she was told by employees that the new bar manager, Chris Malloy had stated that older employees did not belong under his reign.

19. Plaintiff confronted her manager about the comment and was told that Chris

Malloy wanted her out and she should watch her back.

20. On or about October 30, 2014 Plaintiff was disciplined for pouring a 10 ounce beer into a 16 ounce glass.

21. On November 2, 2014 Plaintiff was terminated for an alleged violation of company policy.

## FIRST CAUSE OF ACTION
## ( ADEA- Discrimination)

22.  Plaintiff incorporates by reference her previous allegation as if fully re-alleged herein.

23. Defendant's conduct as described in this Complaint constitutes age discrimination in violation of 29 U.S.C. § 623(a)(1) (ADEA).

24. Defendant's conduct constituted a willful violation of the ADEA.

25. The Ohio Civil Rights Commission and the U.S. Equal Employment Opportunity Commission entered into a Work Sharing agreement.

26. On May 12, 2015, Plaintiff timely filed a charge of age discrimination under the ADEA with the Equal Employment Opportunity Commission.

27. On March 23, 2017, the U.S. Equal Employment Opportunity Commission notifed Plaintiff of her right to sue under the ADEA within 90 days of receipt of that document. (Ex. 1)

28. As a result of Defendant's adverse employment actions based on Plaintiff's age, she has suffered lost wages and benefits, past, present, and future, loss of job status, endured pain and suffering, humiliation, embarrassment, loss of reputation, loss of enjoyment of life and emotional distress.

WHEREFORE, Plaintiff asks that the Court award her the following relief against Defendant:

A. Past and future economic damages, including lost wages, benefits and other terms and conditions of employment;

B. Liquidated Damages;

C. Attorneys' fees and costs;

D. Prejudgment and post-judgment interest; and

E. Any other relief deemed appropriate by this Court.

Respectfully Submitted,

*/s/ Melanie Miguel-Courtad*
MELANIE MIGUEL-COURTAD (0064634)
614 W. Superior Ave. #1500
Cleveland, OH 44113
216-621-2030
Fax: 216-916-9176
Email: mvm@melanie-miguel.com


*/s/ John F. Burke, III*
JOHN F. BURKE, III (0059974)
Burkes Law, LLC
614 W. Superior Avenue
Rockefeller Building, Suite 1500
Cleveland, Ohio 44113
john@burkeslaw.net
216-621-2030
Fax – 888-588-5663

Attorneys for Plaintiff


## Jury Demand

Plaintiff respectfully requests that a jury try all issues, claims and defenses in this action that are triable as of right to a jury.

*/s/ Melanie  Miguel-Courtad*